UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**QUEEN CHARLOTTE FRANKLIN,**

    **Plaintiff,**

    v.

**KING CHARLES, et al.,**

    **Defendants.**

Case No. 1:25-cv-48

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Litkovitz

## ORDER

Plaintiff Queen Charlotte Franklin is well-acquainted with the federal courts. At the beginning of 2025, during a two-week span, Franklin, proceeding pro se and in forma pauperis (IFP), filed twenty lawsuits in this District, many of which make nearly incomprehensible (and sometimes illegible) allegations involving "black magic."[1] The Magistrate Judge assigned to this case, exercising her authority under 28 U.S.C. § 1915(e)(2), screened Franklin's Complaint here for failure to state a claim upon which relief may be granted. In her resulting Report and Recommendation (R&R, Doc. 5), the Magistrate Judge recommends that the Court dismiss the Complaint with prejudice because it is frivolous and fails to state a claim. The R&R also formally warns Franklin that continuing to file cases that are dismissed on initial screening will likely result in her designation as a vexatious litigator. For the reasons briefly discussed below, the Court **ADOPTS** the R&R (Doc. 5) in full, **OVERRULES**

---

[1] Franklin's litigation history is more thoroughly detailed in one of the Court's previous Orders dismissing another one of Franklin's many complaints. *Franklin v. United States Postal Service*, 1:25-cv-60, 2025 WL 957556, at *1 nn.1 & 2 (S.D. Ohio Mar. 31, 2025).

Franklin's Objection (Doc. 6), **DISMISSES WITH PREJUDICE** Franklin's Complaint (Doc. 4), and **FORMALLY WARNS** Franklin that if she files any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards, the Court will declare her a vexatious litigator.

When she filed her Complaint, Franklin also sought leave to pursue this action IFP. (Doc. 1). In connection with granting that motion, the Magistrate Judge exercised her authority to screen the Complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Based on her review, she issued an R&R concluding that the Complaint is both frivolous and fails to state a claim. (Doc. 5, #28). Within the required fourteen-day timeline, Franklin objected. (Doc. 6).

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

But that review extends "only to any portion [of the R&R] to which a proper objection was made." *Bates*, 2023 WL 4348835, at *1 (quotation omitted). A proper objection, moreover, is one that is "clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented

2

before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). And a court need not provide de novo review where the objections are frivolous or conclusory. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Slater v. Potter*, 28 F. App'x 512, 512–13 (6th Cir. 2002).

For unobjected portions of the R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

After analyzing Franklin's Complaint, the Magistrate Judge determined that it lacked any "factual content or context" from which she could infer that Defendants violated Franklin's rights. (Doc. 5, #28). And the Magistrate Judge further noted that the Complaint's incomprehensibility denied Defendants fair notice of what Franklin's claims are or on what factual grounds they rest. (*Id.*). In sum, the R&R deemed the Complaint frivolous and concluded that it fails to state a claim. (*Id.*).

Franklin objected, (Doc. 6), though that filing isn't really an objection. It starts with Franklin relaying that she "called and wrote Queen Elizabeth" who "never responded to [her] letters or phone calls." (*Id.* at #34). It then details time Franklin apparently spent in Jamaica and interactions she had while there. (*See id.* at #34–37). In short, the filing never mentions the R&R, much less makes any specific objections to it.

3

In any event, after reviewing the Complaint, the Court agrees with the Magistrate Judge that it is frivolous and fails to state a claim. Franklin alleges, for example, that "Queen Elizabeth had and have people doing black magic and [her] husband as well trying to murder [her] for the U.S.A.," and that her "husband and family and lawyer [are] involved with [the] mafia." (Doc. 4, #23). The Magistrate Judge put it best when she concluded that Franklin's Complaint "is rambling, difficult to decipher, and virtually incomprehensible," (Doc. 5, #28)—Franklin's allegations are wholly frivolous and do not approach a plausible claim.

Beyond recommending dismissal, the Magistrate Judge formally warned Franklin that "she is highly likely to be deemed a vexatious litigator and made subject to pre-filing restrictions if she persists in filing additional cases that are factually and legally frivolous or fail state a claim for relief under screening standards." (*Id.* at #32). The Court joins in that warning here. Significant judicial resources and court time have been spent screening Franklin's numerous complaints, most (if not all) of which appear to make wholly frivolous allegations. As such, the Court **FORMALLY WARNS** Franklin that filing any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards will result in her designation as a vexatious litigator.

For the reasons explained, the Court **ADOPTS** the R&R (Doc. 5) in full, **OVERRULES** Franklin's Objection (Doc. 6), and **DISMISSES** the matter **WITH PREJUDICE** because the Complaint is frivolous and fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). Beyond that, the Court **CERTIFIES**, pursuant to 28 U.S.C.

§ 1915(a)(3), that an appeal of this Order would not be made in good faith, thus **DENYING** Franklin leave to appeal IFP. But as a non-prisoner, Franklin may nonetheless apply to proceed IFP in the Sixth Circuit Court of Appeals. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-98, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024). Finally, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

    **SO ORDERED.**

April 10, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**